UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
99 NOV 15 AM 8: 03
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

SONSIRE RAMOS SOLER and
ORESTE RAMOS DIAZ
    Plaintiff
v.
GENERAL MOTORS CORPORATION
    Defendant

CASE NO.: 98-1677 (DRD)

ORDER

    Plaintiffs' complaint seeks compensation for personal injuries sustained as a result of an automobile accident which allegedly occurred on June 13, 1997. Plaintiffs invoke the Court's subject matter jurisdiction under both 28 U.S.C. § 1331 and § 1332, alleging causes of action under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310, and under Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, section 5141.

    Defendant presented the Court with two motions to dismiss (Docket Nos. 12 & 29), the second of which has been deemed unopposed. (Docket No. 21). On the first of these motions Defendant requested judgment on the pleadings for Plaintiffs' failure to allege the existence of a defect in Plaintiffs' vehicle as required before a manufacturer can be held liable for injuries caused by a defect in its products. This omission, however, has now been corrected by way of a First Amended Complaint in which Plaintiffs' allege that their injuries were proximately caused by a manufacturing defect in Plaintiffs' car. Defendant's first motion to dismiss (Docket No. 12) is, thus, **DENIED.**

    Defendant's second motion to dismiss seeks dismissal of the complaint due to Plaintiffs' failure to meet the requirements for subject matter jurisdiction under sections 231(d) and 2311(b)(2) of the MMWA and under 28 U.S.C. § 1332. Defendant essentially contends that Plaintiffs' claims are for personal damages and thus not cognizable under the MMWA and that Plaintiffs cannot show that their claims meet the $75,000.00 amount in controversy requirement for diversity jurisdiction. Therefore, argues Defendant, the court lacks subject matter jurisdiction over this case.

    Section 2311(b)(2) of the MMWA provides that "nothing in this chapter, other than sections 2308 and 2304(a)(2) and (4) of this title, shall (A) affect the liability of, or impose liability on, any person for personal injury..." Thus, except for the sections specifically mentioned, the MMWA does not create any substantive rights or causes of action for personal injury damages other than that which is already provided by state causes of action resulting from breach of warranty.[1] Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1065-1068 (1984). Only if there has been a violation of the substantive provisions above mentioned may a Plaintiff recover personal injury damages under

---

[1] Section 2308 forbids disclaimers of implied warranties. Section 2304(a)(2) prohibits warrantors from limiting the duration of implied warranty coverage.



MMWA. In the instant case Plaintiffs have made no allegation that Defendant violated the substantive provisions of the MMWA. Therefore, even accepting Plaintiffs' pleadings as true for purposes of Defendant's motion to dismiss, Plaintiffs' claims under MMWA are **DISMISSED** for failure to state a cause of action.

As the Court has no federal question jurisdiction under 28 U.S.C. § 1331, Plaintiffs' claims under state law may only be entertained if the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Section 1332 grants district courts jurisdiction over all civil actions involving diverse parties so long as the "amount in controversy exceeds the sum or value of $75,000.00." As a general rule, the sum claimed by the plaintiff controls so long as the claim is apparently made in good faith. Thus, only if it appears to a legal certainty that the plaintiff's claim is for less than the jurisdictional amount will dismissal for lack of subject matter jurisdiction be warranted. St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586 (1938); Boelens, 748 F.2d at 1069. Notwithstanding, once the propriety of the amount in controversy is challenged, the party seeking the district court's subject matter jurisdiction has the burden of proving its existence by showing that it does not appear to a legal certainty that the claim for relief is for less than the prescribed amount. Duchesne v. American Airlines, Inc., 758 F.2d 27 (1st Cir. 1985); Business Buyers of New England, Inc. v. Gurham, 754 F.2d 1 (1st Cir. 1985).

Here Defendant has challenged Plaintiffs' claimed amount in controversy. Plaintiffs are, therefore, granted **15 DAYS** to show cause why the case should not be dismissed for failure to comply with section 1332's amount in controversy requirement. Plaintiffs are to substantiate their physical damages, describe their emotional damages, inform how many days Plaintiff Sonsire Ramos was out of work, and provide any other information necessary to place the Court in position to determine whether this case is worth more than $75,000.00. Plaintiffs are forewarned that the above deadline will not be extended and failure to comply with the Court's order will result in dismissal of the complaint.

IT IS SO ORDERED.

November _11_, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT COURT